UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Jane Doe 11, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-04208 |
| | ) | |
| | ) | |
| | ) | |
| Henry Jarecki, | ) | |
| | | |
| Defendant. | | |
| _____/ | | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE
TO PROCEED ANONYMOUSLY**

## <u>ARGUMENT</u>

### I.   PLAINTIFF IS PERMITTED TO PROCEED ANONYMOUSLY IN THIS CIRCUIT.

This action involves Jane Doe 11's case for damages and other relief under (among other provisions of law) the United States federal anti-sex trafficking statute, 18 U.S.C. §§ 1591-95, et seq.—the Trafficking Victims Protection Act ("TVPA")— and for sexual battery, assault, and intentional infliction of emotional distress related to sexual offenses as defined in article one hundred thirty of the penal law, pursuant to New York Adult Survivors Act, N.Y. CPLR § 214-j.

Defendant Henry Jarecki's involvement in Jeffrey Epstein's sex trafficking venture, and specifically, his willful and intentional violations of the United States federal anti-sex trafficking statute, 18 U.S.C. §§ 1591-95, et seq.—the Trafficking Victims Protection Act ("TVPA") has caused Jane Doe 11 significant harm. JARECKI knowingly participated in Jeffrey Epstein's sex trafficking organization and in the rape, sexual assault, coercive sex trafficking, and commercial sex of Jane Doe 11. JARECKI knew that Epstein would use means of force, threats of force, fraud, abuse of legal process, exploitation of power disparity, and a variety of other forms of coercion to cause young women and girls, including Jane Doe 11, to engage in commercial sex acts. Not only was JARECKI a cog in Jeffrey Epstein's larger sex trafficking operation, but by gaining access to numerous of Jeffrey Epstein's victims, he himself on occasion directly participated in the sexual abuse and trafficking of

young women who he knew were victims of Jeffrey Epstein's sexual abuse. Plaintiff submits this Memorandum of Law in support of Plaintiff's Motion for Leave to Proceed Anonymously. Allowing Plaintiff to proceed anonymously will protect her highly sensitive personal information that will remain the focus of this litigation. There is no prejudice to Defendant in allowing Plaintiff to proceed anonymously, nor is there any significant public interest in the disclosure of the Plaintiff's identity. In fact, the public interest in this case weighs in favor of granting Plaintiff's request to proceed anonymously for her protection. Jane Doe 11 is also at serious risk of retaliatory harm because the co-conspirators who participated in the Epstein sex-trafficking venture had—and continue to possess—tremendous wealth and power and have used it to retaliate against others who have attempted to come forward to expose the venture, including retaliation by threats of physical, financial, and reputational harm. Jane Doe 11's legitimate concerns outweigh any prejudice to Defendant by allowing her to proceed anonymously. Many other women are similarly situated to Jane Doe 11 and have proceeded anonymously for the same reasons, and accordingly, other courts have allowed Epstein's victims to proceed anonymously in numerous cases. *See, e.g., Doe 17 v. Indyke et al.,* No. 19 Civ. 9610 (S.D.N.Y. Nov. 8, 2019), Dkt. 25; *Katlyn Doe v. Darren K. Indyke, et al.,* No. 19 Civ. 7771 (S.D.N.Y. Sept. 12, 2019), Dkt. 28; *Jane Doe 43 v. Epstein et al.*, No. 17 Civ. 616 (S.D.N.Y. Apr. 5, 2017), Dkt. 28; *Jane Doe No. 103 v. Epstein,* No. 10 Civ.

80309 (S.D. Fla. Mar. 9, 2010), Dkt. 5; *Doe v. Epstein*, No. 08 Civ. 80119 (S.D. Fla. Aug. 7, 2009), Dkt. 253; *Doe v. Epstein*, No. 08 Civ. 80893 (S.D. Fla. Oct. 6, 2008), Dkt. 15 at 2–3.

Federal Rule of Civil Procedure 10(a) requires a Complaint to "include the names of all the parties." However, the court has discretion to allow a plaintiff to proceed anonymously. *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 190 (2d. Cir. 2008). "[C]ourts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault." *Doe. No. 2 v. Kolko*, 242 F.R.D. 193, 196 (EDNY 2006); *see also* 1991 McKinney's Sessions Laws of N.Y. at 2211-2212 ("sexual assault victims have unfortunately had to endure a terrible invasion of their physical privacy. They have a right to expect that this violation will not be compounded by a further invasion of their privacy").

"When determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. The balancing of interests entails the consideration of ten non-exhaustive factors, though the court has discretion to consider "other factors relevant to the particular case under consideration." *Id.* at 189-190. The ten factors are:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed

anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [her] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (internal citations and quotations omitted).

## II.   ALL TEN ANONYMITY FACTORS WEIGH IN FAVOR OF PERMITTING PLAINTIFF TO PROCEED ANONYMOUSLY.

In this case, all delineated *Sealed Plaintiff* factors support Plaintiff's application for anonymity, which should be granted for her protection.  The heinous acts that were committed against Plaintiff are highly sensitive in nature and are particularly difficult for her to address in a public forum.

For those reasons, among many others, identification of Plaintiff in this matter may pose a risk of retaliation. *See* S*ealed Plaintiff*, 537 F.3d at 190.  In order to warrant anonymity, the possible retaliatory harm may be either physical or psychological in nature. *See Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006)

Epstein's vast wealth and far-reaching connections make it clear that retaliation could be employed against individuals pursuing claims against the Estate of Jeffrey Epstein or any of his associates including JARECKI.  In addition to exposing Plaintiff to physical or psychological harm, retaliation could also silence potential witnesses from coming forward.

The public exposure of Plaintiff's identity would certainly cause her to suffer additional or exacerbated emotional or psychological harm including shame, embarrassment, depression, anxiety, and the array of side effects that go along therewith.  Should Plaintiff's real identity be revealed, her safety could also be at risk as the press are currently laser focused on Jeffrey Epstein, his network of individuals including JARECKI, and their sexually exploitative escapades.

Despite the fact that Defendant is a private party and not a Government entity, Defendant is not an "ordinary" private party because of JARECKI's known wealth, power, and reputation; specifically his unique relationship with Jeffrey Epstein. *See Kolko*, 242 F.R.D. at 195 (2006).  Jeffrey Epstein has been a known sexual predator with substantial financial influence for many years.  For years before his death, Epstein had been investigated by various state prosecutors and the Federal Bureau of Investigation (FBI) for his sexual assaults on young girls.

Given JARECKI's significant wealth and power coupled with Epstein's notoriety, Plaintiff's allegations of sexual abuse and the widespread concealment of

the same "raise concerns affecting a larger association rather than the interest of an individual plaintiff." *See id.* at 195. In this case, the "larger association" is society in general. Society has an interest in eradicating the predatory practices of powerful men against vulnerable, susceptible women—including the practice of luring young girls for sexual purposes.  This case is therefore more "analogous to one involving a government defendant, where personal anonymity is more readily granted because of the existence of a public interest in the action." *EW v. New York Blood Center,* 213 F.R.D. 108, 112 (EDNY 2003).

"The public right to scrutinize governmental functioning is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself . . . Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them."  *See Doe v. Stegall¸* 653 F.2d 180, 185 (5th Cir. 1981).  The public's interest in this legal question is not furthered by requiring Plaintiff to disclose her identity. *See Sealed Plaintiff,* 537 F.3d at 190 (citing *Del Rio*, 241 F.R.D. at 154 ("whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities")); *see also Free Speech v. Reno*, Case No. 98 Civ. 2680 MBM, 1999 WL 47310 at *3 (SDNY Feb. 1, 1999) ("because the particular plaintiffs in this constitutional challenge are essentially interchangeable with similarly situated persons, there appears little public interest in which particular persons have actually

sued…"). Because Plaintiff's anonymity would not impair the public's right to view or scrutinize this lawsuit, this factor weighs in favor of nondisclosure. Moreover, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195.

Finally, [t]he Second Circuit directed district courts to evaluate "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff,* 537 F.3d at 190 (citing *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001)):

> The only justification the defendants offer for stripping Roe of her privacy is the argument that they will not be able to adequately conduct discovery without knowing her true identity. However, that argument is eviscerated by Roe's offer to disclose her name to the defendants for discovery purposes on condition that they do not disclose it to the general public. That is a reasonable way to reconcile the competing interests, and the district court can enter an appropriate protective order. The district court should have granted Roe's motion to proceed anonymously.

Here, Plaintiff will cooperate with the court and the Defendant and reveal Plaintiff's true identity to defendant for discovery purposes on the condition that Defendant does not disclose Plaintiff's name to the general public.

## III. CONCLUSION

The balancing factors articulated by the Second Circuit weigh in favor of protecting Plaintiff's identity by allowing her to proceed anonymously. For the

foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for

Leave to Proceed Anonymously.

       Dated:  June 3, 2024

                                     Respectfully Submitted,
Edwards Henderson

By:  */s/ Bradley Edwards*
Bradley J. Edwards
Brittany N. Henderson
425 N. Andrews Ave., Suite 2
Fort Lauderdale, FL 33301
(954)-524-2820
Fax: (954)-524-2822
Email: brad@cvlf.com
       brittany@cvlf.com
       ecf@cvlf.com

David Boies
Boies Schiller Flexner LLP
55 Hudson Yards
New York, New York
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
E-mail: dboies@bsfllp.com

Sigrid McCawley
*Pro Hac Vice*
Boies Schiller Flexner LLP
401 E. Las Olas Blvd. Suite 1200
Fort Lauderdale, FL 33316
Telephone: (954) 356-0011
Facsimile: (954) 356-0022
E-mail: smccawley@bsfllp.com