```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JANE DOE 11,                                                           :
                                                                       :
                              Plaintiff,                               :
                                                                       :      24 Civ. 4208 (JPC)
              -v-                                                      :
                                                                       :           ORDER
HENRY JARECKI,                                                         :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On June 3, 2024, Plaintiff commenced this action by filing a complaint under the pseudonym "Jane Doe 11," Dkt. 1 ("Compl."), and simultaneously moved *ex parte* for leave to proceed anonymously, *see* Dkts. 3-5.  Plaintiff alleges that Defendant Henry Jarecki, "a wealthy, well-connected psychiatrist, academic, entrepreneur, producer, and philanthropist," Compl. ¶ 12, "was close personal friends with Jeffrey Epstein," *id.* ¶ 13, and "served an integral role in Epstein's sex-trafficking scheme for years," *id.* ¶ 14.  This included, as alleged, Defendant gaining access to Plaintiff through Epstein, and Defendant then "sexually abus[ing] and traffick[ing]" her.  *Id.* ¶ 40; *see id.* ¶ 30 ("After suffering emotional distress as a result of the sexual abuse Jeffrey Epstein was inflicting on her, Jeffrey Epstein arranged for [Plaintiff] to meet with [Defendant] at his home for treatment, as Epstein told [Plaintiff] that [Defendant] was the best doctor in New York City."); *see generally id.* ¶¶ 30-75.  The Complaint alleges that while Defendant initially met with Plaintiff purportedly to diagnose and treat her depression, *id.* ¶ 31, Defendant soon started to forcibly rape her which continued over multiple years, *id.* ¶¶ 34, 52, 72, "coerced [Plaintiff] into following his every demand" at the risk of otherwise "suffer[ing] serious injury," *id.* ¶ 42, began to control various

aspects of her life, *e.g.*, *id.* ¶ 51, and eventually forced Plaintiff "to have sex with . . . other men in front of him," *id.* ¶ 58.  Plaintiff seeks damages and other relief for Defendant's participation in a sex trafficking venture in violation of the Trafficking Victims Protection Act, 18 U.S.C. §§ 1591(a)(1), 1595, and for sexual battery and intentional infliction of emotional distress in violation of New York state law.  Compl. ¶¶ 76-93.

"[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).  There is a presumption that a plaintiff will proceed under her own name. *See United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam) ("In *Sealed Plaintiff*, we held that pseudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption.").  The Second Circuit has directed district courts to consider ten factors in balancing these competing interests:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;
>
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
>
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
>
> (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age;
>
> (5) whether the suit is challenging the actions of the government or that of private parties;
>
> (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of the prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district

court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 42 (citing *Sealed Plaintiff*, 537 F.3d at 189-90). Whether to allow a party to proceed anonymously is within the sound discretion of the district court. *Sealed Plaintiff*, 537 F.3d at 190.

After careful review of the above ten factors, the Court finds that Plaintiff has met her burden of rebutting the presumption that she will proceed under her own name. The Court concludes that factors one, two, three, five, six, seven, eight, and ten weigh in her favor. Regarding the first factor, this case entails highly sensitive and personal matters involving extensive allegations of sexual abuse. Compl. ¶¶ 34-75. On the second factor, the Complaint alleges that Plaintiff is "at serious risk of retaliatory harm, as [Defendant] possesses tremendous wealth and power and has demonstrated a clear ability to cause her serious harm." *Id.* ¶ 8. As for the third factor, "[t]he nature of the allegations make it logical to conclude at this early stage that disclosure of Plaintiff's identity would cause further psychological harm to Plaintiff which is the precise harm th[is] litigation seeks, in part, to redress." *Doe v. Indyke*, No. 19 Civ. 7771 (PKC) (S.D.N.Y. Sept. 12, 2019), Dkt. 28 at 2. The fifth factor also weighs in Plaintiff's favor because this suit does not involve a challenge to government action. As to the sixth factor, there is no apparent prejudice to Defendant from Plaintiff proceeding anonymously particularly given that Plaintiff has offered to "reveal [her] true identity to [D]efendant for discovery purposes on the condition that Defendant does not disclose Plaintiff's name to the general public." Dkt. 4 at 7. Plaintiff's identity has been

kept confidential so far, so the seventh factor also weighs in her favor.  And the eighth factor also weighs in her favor: while there may be "public interest in th[is] litigation because of the notoriety of Epstein and those with whom he associated . . . disclosure of the identity of the plaintiff is not likely to be of a legitimate importance or benefit to the public."  *Indyke*, Dkt. 28 at 4.  Finally, with respect to the tenth factor, the Court is unaware of any alternative mechanisms to protect Plaintiff's identity.

On the other hand, the Court finds that the fourth factor is neutral, and the ninth factor weighs slightly against Plaintiff.  As to the fourth factor, Plaintiff has not contended that her age or any unique physical condition makes her particularly vulnerable to harm.  And the ninth factor tilts marginally against Plaintiff because the issues in this case are likely not of a purely or predominantly legal nature.  Neither of these factors, however, outweighs the substantial number of factors that lean in favor of granting Plaintiff's motion.

In sum, after weighing the factors outlined in *Sealed Plaintiff*, the Court concludes that Plaintiff may proceed at this stage under the pseudonym "Jane Doe 11."  This ruling is without prejudice to Defendant filing an opposition to Plaintiff proceeding anonymously after he appears in this case.  Within seven days of Defendant's appearance, Plaintiff shall disclose her identity to Defendant in a document to be submitted to the Court for sealing.  Defendant may not disclose the identity of Plaintiff to any person other than counsel without further order from this Court.  The Clerk of Court is respectfully directed to close the motion at Docket Number 3 and to issue the requested summons.  *See* Dkt. 6.

SO ORDERED.

Dated: June 11, 2024
      New York, New York

                                    JOHN P. CRONAN
                                  United States District Judge