

September 17, 2024

**VIA ECF**

The Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007
(212) 805-0218

Re: *Jane Doe 11 v. Henry Jarecki,* Case No. 24 Civ. 4208 (JPC)

Dear Judge Cronan:

Pursuant to the Court's September 10, 2024, Order (Dkt. 9), Plaintiff Jane Doe 11 submits this status letter regarding service. Yesterday, Defendant's counsel executed and returned a waiver of service of summons form, through which Defendant "waive[s] any objections to the absence of a summons or of service." Dkt. 13. Absent further order, Defendant's responsive pleading is due on November 15, 2024. *Id*.

Although proof of service was only filed recently, Defendant has had actual notice of this lawsuit since it was filed on June 3. Prior to the filing of the complaint, Plaintiff's counsel had been in contact with Mr. Jarecki's prior attorney, Sarita Kedia. That lawyer responded to the lawsuit in the press on or about June 5 (two days later), which demonstrates Defendant's awareness of the case as of that date.[1] At some point during the following week, Mr. Jarecki retained new counsel at Dechert LLP, Gary J. Mennitt, who called Plaintiff's counsel Brad Edwards on or about June 13 informing him orally that he would accept service. On June 13, Mr. Mennitt also sent over a proposed draft stipulation concerning Defendant's deadline to respond, to which Plaintiff's counsel agreed. After the agreed-to stipulation was not filed for weeks, Plaintiff's counsel reached out to Dechert LLP on July 3 asking for the status of the filing. Plaintiff's counsel followed up again on July 8 after not receiving a response. On July 8, Mr. Mennitt responded asking to extend deadlines further.

While the Parties have been in constant contact since the case's inception and met in person on August 13 at BSF's NYC offices to discuss the litigation, Plaintiff did not receive a waiver of service form or a revised stipulation prior to the Court's September 10 Order. Upon receipt of the Order, Plaintiff's counsel immediately reached out to defense counsel for an executed waiver of

---

[1] https://www.cnbc.com/2024/06/05/jeffrey-epstein-psychiatrist-jarecki-claims-consesual-relationship-victim.html



service form and was assured again that defense counsel would accept service and not contest service. Plaintiff's counsel filed proof of service immediately upon receiving an executed waiver form on September 16. The six-day delay in filing proof of service is attributable to defense counsel being in trial last week.

      In light of the foregoing and Defendant's actual notice of the lawsuit, there is good cause to excuse Plaintiff's nine-day delay in perfecting and filing proof of service. As the Order notes, "the court must extend the time for service for an appropriate period" if "the plaintiff shows good cause." Fed. R. Civ. P. 4(m). Here, Defendant orally accepted service through his attorney on June 13, ten days after the filing of the Complaint. *See Deptula v. Rosen*, 558 F. Supp. 3d 73, 87 (S.D.N.Y. 2021) (good service where "the client has authorized that attorney to accept service of process on the defendant's behalf"). The above description of the Parties' interactions since then explains why Plaintiff reasonably expected Defendant to appear, execute a waiver of service, and/or file the stipulation they proposed concerning their time to respond to the Complaint.[2]

      Respectfully submitted,

      s/ Andrew Villacastin
      Andrew Villacastin

Cc: Defendant's counsel (via email)

---

[2] In the alternative, Plaintiff hereby requests a discretionary extension of Rule 4(m)'s deadline. *See id*. at 89.