

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**GARY MENNITT**

Gary.Mennitt@dechert.com
+1 212 698 3831 Direct
+1 212 314 0011 Fax

November 5, 2024

**VIA ECF**

The Hon. Judge John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re: *Doe v. Jarecki*, No. 1:24-cv-04208: Pre-Motion Letter and Letter Motion to File Redacted Documents

Dear Judge Cronan:

On behalf of Defendant Henry Jarecki ("Defendant") in the above-referenced matter, and pursuant to Your Honor's Rule 6.A, I write to notify the Court that Defendant anticipates filing a motion to dismiss Plaintiff Jane Doe 11's Complaint (the "Complaint") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), on the grounds that Plaintiff's sole federal cause of action, brought pursuant to the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1591(a)(1) and 1595, is time-barred. Because Plaintiff cannot state a federal claim, the Court should decline to exercise jurisdiction over Plaintiff's remaining state-law claims. Alternatively, should this Court decline to dismiss Plaintiff's Complaint, Defendant seeks an order requiring Plaintiff to remedy her vague and evasive pleading by filing a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e). Further, pursuant to Your Honor's Rule 4.B.ii, I write to request that Defendant may redact information that may identify Plaintiff from his proposed motion and any exhibits thereto to protect her pseudonymity.[1]

As referenced in the Complaint, Plaintiff and Defendant entered into a Tolling Agreement that tolled the statute of limitations for certain claims Plaintiff may have had as of November 18, 2023.[2] *See* Compl. ¶ 5. Thus, under the 10-year statute of limitations for civil TVPA claims, Plaintiff's claim must have accrued on or after November 18, 2013 (the "Operative Date"). *See* 18 U.S.C. § 1591.

To state a claim under TVPA § 1591(a), Plaintiff must allege that at least once on or after the Operative Date, Defendant used force, threats of force, fraud, or coercion to cause Plaintiff to

[1] Defendant does intend to challenge pseudonymity should this matter go forward.

[2] This Court may consider this Tolling Agreement as it is "incorporated in the complaint by reference" and is a "document[] upon which the complaint relies and which is integral to the complaint." *Sulieman v. Igbara*, 599 F. Supp 3d 113, 120 (E.D.N.Y. 2022) (cleaned up).





engage in a "commercial sex act." 18 U.S.C. §§ 1591(a); *Schneider v. OSG, LLC*, 2024 WL 1308690, at *5 (E.D.N.Y. Mar. 27, 2024). The TVPA defines a "commercial sex act" as "any sex act, on account of which *anything of value* is given to or received by any person." 18 U.S.C. § 1591(e)(3) (emphasis added).

Here, the Complaint fails to allege any such "commercial sex act" because Plaintiff does not—and cannot—plead any facts sufficient to support that "anything of value" was provided to any person in exchange for or on account of any sexual act on or after the Operative Date. Plaintiff alleges that Defendant allowed her to reside rent-free at an apartment he used for guests "because he was allowing her to pay in fulfillment of his sexual desires," and that Defendant "promised to buy her an apartment" "so long as she behaved for the duration of [Defendant's] trafficking." Compl. ¶¶ 43, 47, 53, 92(c). Even accepting these falsehoods as true, Plaintiff does not allege that any of these "things of value" were exchanged on or after the Operative Date, and any such allegation would be implausible based on review of public documents subject to judicial notice.[3] A publicly filed deed makes clear that by June 24, 2013, Plaintiff had purchased a residence for herself in Florida—and at the time of purchase, maintained an address *at that same residence*. Thus, Plaintiff predictably fails to allege that she engaged in commercial sex acts in exchange for a rent-free apartment on or after the Operative Date—because months before then, Plaintiff had purchased and maintained a residence in Florida. Moreover, a publicly available record of New York City marriage licenses shows that, in July 2013, Plaintiff married her long-time love interest, now husband, who is referenced nowhere in the Complaint. It strains credulity, and is not even summarily alleged, that Defendant was trafficking Plaintiff *months* after she purchased a residence in another state and married another man. *See Ashcroft v. Iqbal*, 566 U.S. 662, 682 (2009) (when determining whether a complaint's allegations "plausibly give rise to an entitlement for relief," a court must "draw on its judicial experience and common sense.") Indeed, the Complaint appears to be crafted to avoid conceding that the parties amicably ended their romantic relationship in mid-2012 and maintained a regular and cordial friendship for another eight years. There is no allegation of any exchange of value after that point.

All other examples of "things of value" in the Complaint are either *prima facie* time-barred (*i.e.*, a wristwatch Plaintiff alleges Defendant gave her when they first met in 2011, *see* Compl. ¶¶ 33, 72) or lack the requisite "causal connection" to any sexual act (*i.e.*, the other "gifts" that Defendant allegedly gave Plaintiff, *see id.* ¶ 41). *See United States v. Raniere*, 55 F.4th 354, 365 (2d Cir. 2022) (the TVPA "require[s] a causal connection between the sexual act and the giving or receiving of anything of value"); *see id.* at 363 (interpreting "'value' to focus . . . on the value which the

---

[3] The Court may take judicial notice of any publicly available documents. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *see also Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000) (Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate where a defendant raises the statute of limitations "as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.")





[recipient] subjectively attaches to what is sought to be received") (internal citation omitted). Thus, Plaintiff's vague and conclusory TVPA claim must be dismissed as time barred.

Alternatively, in light of Plaintiff's vague and general allegations that she was sex trafficked, and her glaringly obvious failure to include any pertinent dates of when a "commercial sex act" occurred during the limitations period, the Court should order Plaintiff to amend the Complaint to specifically identify the dates of the claimed commercial sex activity supposedly forming the basis of her TVPA claim, pursuant to Federal Rule of Civil Procedure 12(e). The court has broad authority and discretion to require a more definite statement, and such motions are appropriate where, as here, a complaint falls short of the pleading requirements. *See Rodriguez v. Chex Sys., Inc.*, 2024 WL 1721337, at *4 (W.D.N.Y. Apr. 22, 2024); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992), aff'd, 23 F.3d 398 (2d Cir.1994). This is particularly true where the timeliness of the claims is in question. *See Buchholtz v. Renard*, 188 F.Supp. 888, 892 (S.D.N.Y.1960).

Here, Plaintiff has studiously failed to plead "anything of value" exchanged for alleged sexual acts between the Operative Date and her alleged last contact with Defendant in December 2014. *See e.g.*, Compl. ¶¶ 39, 41, 63, 68. Thus, Plaintiff should be compelled to file a more definite statement so that Defendant and the Court can determine whether the alleged misconduct was timely.

If Plaintiff's TVPA claim is dismissed, this Court should decline to exercise jurisdiction over her remaining claims, all of which are brought under state law. *See Castellano v. Bd. Of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991); *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

Finally, Defendant seeks to redact information that may be used to identify Plaintiff, such as Plaintiff's name, the name of her husband, and similar information. Defendant plans to challenge pseudonymity should this case proceed but until then, your Honor's Order allowing Plaintiff to proceed as "Doe", ECF No. 7, controls here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *Doe v. Black*, 2024 WL 4335453, at *9 (S.D.N.Y. Sept. 27, 2024) (allowing filing of documents redacting information tending to reveal an anonymous plaintiff's identity). Pursuant to Your Honor's Rule 4.B.i, I have notified Plaintiff's counsel generally of this letter and of Defendant's intention to file these documents in redacted form, and we expect Plaintiff's counsel to support the proposed redaction.

Defendant proposes the following briefing schedule for the proposed motion to dismiss:

November 15, 2024: Deadline for submission of Defendant's opening brief.

December 13, 2024: Deadline for Plaintiff's opposition brief.

January 10, 2025: Deadline for Defendant's reply brief.

Defendant is available at Your Honor's convenience to discuss this matter.





Respectfully,

*/s/ Gary J. Mennitt*

Gary J. Mennitt