UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE 11,<br><br>    Plaintiff,<br><br>    - against-<br><br>HENRY JARECKI,<br><br>    Defendant. | Civil Action No: 1:24-cv-04208-JPC |

**DEFENDANT HENRY JARECKI'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS JANE DOE 11'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) OR, IN THE ALTERNATIVE, FOR <u>A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)</u>**

DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500

*Attorneys for Defendant Henry Jarecki*

Dated: January 10, 2025

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

ARGUMENT .................................................................................................................................. 1

    I.   Plaintiff Cannot Cure her Failure to State a Timely TVPA Claim. .................................... 1

        A.  Plaintiff Does Not Plead a Timely Exchange of Value for Sex. ................................. 2

        B.  Plaintiff has Failed to Allege an Actionable Sex Act. ................................................. 4

        C.  Equitable Tolling Does Not Apply. ............................................................................. 5

            1.  Plaintiff Has Not Alleged Diligent Pursuit of Rights............................................. 6

            2.  Plaintiff's Vague, Generalized Alleged Fears of Retaliation Are Not Extraordinary Circumstances Justifying Equitable Tolling. ............................................................. 6

    II.  The State Law Claims Should Be Dismissed. .................................................................... 9

    III. In the Alternative, Plaintiff Must Provide a More Definite Statement. ........................... 10

CONCLUSION ............................................................................................................................. 11

CERTIFICATE OF COMPLIANCE ........................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anti–Monopoly, Inc. v. Hasbro, Inc.*,
    958 F. Supp. 895 (S.D.N.Y. 1997), *aff'd*, 130 F.3d 1101 (2d Cir. 1997) ................................. 3

*Ardolf v. Weber*,
    332 F.R.D. 467 (S.D.N.Y. 2019) ................................................................................................ 2

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................................... 1

*Boos v. Runyon*,
    201 F.3d 178 (2d Cir. 2000) .................................................................................................. 7, 8

*Brown v. City of New York*,
    2024 WL 4452306 (S.D.N.Y. Sept. 20, 2024) ......................................................................... 10

*Buchholtz v. Renard*,
    188 F. Supp. 888 (S.D.N.Y 1960) ........................................................................................... 10

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343 (1988) .................................................................................................................... 9

*Castellano v. Bd. Of Trustees*,
    937 F.2d 752 (2d Cir. 1991) ....................................................................................................... 9

*Cornue v. Welch-Allyn Inc.*,
    2011 WL 5245414 (N.D.N.Y. Nov. 2, 2011) ............................................................................. 5

*Croft v. AXA Equitable Life Ins. Co.*,
    2018 WL 4007646 (S.D.N.Y. Aug. 22, 2018) ................................................................... 4, 5, 9

*David v. Weinstein Co. LLC*,
    431 F. Supp. 3d 290 (S.D.N.Y. 2019) ........................................................................................ 2

*Dos Santos v. Assurant, Inc.*,
    625 F. Supp. 3d 121 (S.D.N.Y. 2022) ........................................................................................ 7

*Fadem v. Ford Motor Co.*,
    352 F. Supp. 2d 501 (S.D.N.Y.), *aff'd*, 157 F. App'x 398 (2d Cir. 2005) ................................ 5

*Geiss v. Weinstein Co. Holdings LLC*,
    383 F. Supp. 3d 156 (S.D.N.Y. 2019)..................................................................................7

*Guinyard v. Apfel*,
    2000 WL 297165 (S.D.N.Y. Mar. 22, 2000) ....................................................................7, 8

*Harper v. Ercole*,
    648 F.3d 132 (2d Cir. 2011).................................................................................................6

*Jacobson v. Peat, Marwick, Mitchell & Co.*,
    445 F. Supp. 518 (S.D.N.Y. 1977) .......................................................................................5

*Levin v. Sarah Lawrence Coll.*,
    2024 WL 4026966 (S.D.N.Y. Sept. 3, 2024).....................................................................5, 8

*Lipton v. Cnty. of Orange*,
    315 F. Supp. 2d 434 (S.D.N.Y. 2004)..................................................................................3

*Lomako v. N.Y. Inst. of Tech.*,
    440 F. App'x 1 (2d Cir. 2011) .............................................................................................6

*Menominee Indian Tribe of Wisconsin v. United States*,
    577 U.S. 250 (2016)..........................................................................................................5, 6

*Netzer v. Continuity Graphic Assocs., Inc.*,
    963 F. Supp. 1308 (S.D.N.Y. 1997).....................................................................................7

*Pani v. Empire Blue Cross Blue Shield*,
    152 F.3d 67 (2d Cir. 1998)...................................................................................................5

*Rodriguez v. Chex Sys., Inc.*,
    730 F. Supp. 3d 36 (W.D.N.Y. 2024) ................................................................................10

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966).............................................................................................................9

*United States v. Raniere*,
    55 F.4th 354 (2d Cir. 2022) .................................................................................................2

*Valverde v. Stinson*,
    224 F.3d 129 (2d Cir. 2000).................................................................................................7

*Vapac Music Pub., Inc. v. Tuff 'N' Rumble Mgmt.*,
    2000 WL 1006257 (S.D.N.Y. July 19, 2000) ....................................................................10

*Zhongwei Zhou v. Wu*,
    2017 WL 1233994 (S.D.N.Y. Mar. 31, 2017) .....................................................................6

**Statutes**

8 U.S.C. § 1430.................................................................................................................................3

18 U.S.C. § 1591..........................................................................................................................1, 2

**Other Authorities**

Fed. R. Civ. P. 8............................................................................................................................10

Fed. R. Civ. P. 12..........................................................................................................................10

Defendant submits this reply memorandum of law in further support of his motion to dismiss as time-barred Plaintiff's TVPA[1] claim and thus her Complaint. Plaintiff's allegations against the 91-year-old Dr. Jarecki, a respected doctor, businessman, and philanthropist, are preposterous. Dr. Jarecki denies them, and denies any wrongdoing. But on a motion to dismiss, these ludicrous allegations must be accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff concedes that to avoid the bar of the statute of limitations, she must plead at least one commercial sex act after the Operative Date of November 18, 2013, and does not challenge the accuracy of public records that preclude her from credibly doing so. She also concedes that the sole allegation on which the timeliness of her allegation relies is inaccurate. Rather than address these deficiencies, she expressly declines to amend the Complaint, saying only that "[t]he allegations in the Complaint reflect [her] current knowledge of Jarecki's conduct." Pl.'s Opposition to the Motion, ECF No. 25, at 10 n.2 (hereinafter "Opposition" or "Opp."). Plaintiff's tentative attempts to alter and add to her allegations in her Opposition are inadequate and improper, and indeed highlight the very deficiencies that warrant dismissal of this action in its entirety.

## ARGUMENT

### I.   Plaintiff Cannot Cure her Failure to State a Timely TVPA Claim.

The Parties agree that the Operative Date by which Plaintiff needed to allege a commercial sex act was November 18, 2013, ten years before the effective date of the tolling agreement. *See* Opp. at 9-10, 12. The statutory definition of a commercial sex act[2] requires three discrete components: 1) an exchange of value; 2) that would cause; 3) a person to engage in sex acts. *See*

---

[1] All defined terms have the same definitions used in Defendant's Memorandum in Support of his Motion to Dismiss, ECF No. 23 (hereinafter "Motion" or "Mot.").
[2] "Any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591 (e)(3).

1

*Ardolf v. Weber*, 332 F.R.D. 467, 476 (S.D.N.Y. 2019) (citing *Noble v. Weinstein*, 335 F. Supp. 3d 504, 519 (S.D.N.Y. 2018)). Plaintiff's Complaint does not allege that any such act occurred even near the Operative Date. *And* the Complaint fails to allege anything to support either the continuing tort doctrine or equitable tolling. The Opposition wholly fails to excuse these pleading deficiencies. Therefore, the TVPA Claim must be dismissed as time-barred. Mot. at 5.

      A.      **<u>Plaintiff Does Not Plead a Timely Exchange of Value for Sex.</u>**

Controlling Second Circuit precedent mandates that, to plead a commercial sex act, Plaintiff must plead "a causal connection between the sexual act and the giving or receiving of anything of value." *United States v. Raniere*, 55 F.4th 354, 365 (2d Cir. 2022). While the statute does not require that there be a "direct temporal nexus between the threats, force, fraud, or coercion and the commercial sex act, [] the closer the coercive conduct is to the [sex acts], the more likely the causation element of the offense will be satisfied." *David v. Weinstein Co. LLC*, 431 F. Supp. 3d 290, 302 (S.D.N.Y. 2019) (cleaned up) (causal connection element met where exchange of value occurred the same day as sex).

Here, Plaintiff does not allege that anything of value was exchanged near or after the Operative Date which caused her to engage in a sex act—and therefore does not plead a "commercial sex act". She does not even allege that *anything* of value caused *anyone* to do *something* in the decade prior to the tolling agreement. Plaintiff's argument that her "allegations demonstrate the requisite causal connection between the sex acts and the things of value" because she "specifically alleged that Jarecki provided her with housing, gifts, promises of protection, and medical treatment in direct exchange for or 'on account of' sex acts" is unavailing. Opp. at 8 (citing 18 U.S.C. § 1591(e)(3)); *id*. at 7 (citing Compl. ¶¶41-47, 52, 64, 92). Plaintiff alleges no

2

more than "recitals of a cause of action's elements, supported by mere conclusory statements," which are patently insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Even if rent, immigration help, money, or anything else was exchanged for sex (nothing was), Plaintiff does not allege that such value was exchanged near or after the Operative Date. The uncontested and admissible public records[3] demonstrate that it is implausible that any of these purported things of value were exchanged after the Operative Date, or that Plaintiff, a newlywed then sharing a residence with her husband, was engaging in commercial sex. Mot. at 8. Plaintiff's mid-2013 marriage license (indicating that she was cohabiting with her husband) and her Florida condominium purchase (indicating that she also had a residence there), evidence not only that the Parties' consensual sexual relationship had ended, but also that she was not relying on Defendant for housing or protection (in truth Plaintiff moved out of Defendant's guest apartment in 2012) and he could not have plausibly threatened her immigration status (*see* 8 U.S.C. §1430, Naturalization through Marriage) long before the Operative Date. Mot. Exs. 1 & 2.[4] Even if Plaintiff alleged a sex act after the Operative Date (she does not, *see infra* at § B), the long span between any vague allegation of an exchange of value and such (unpled) sex act would be far too tenuous to satisfy the causation element required by the TVPA. Therefore, Plaintiff does not plead a timely commercial sex act, and her TVPA claim must be dismissed.

---

[3] There is no dispute that Plaintiff's marriage license and deed for her Florida condominium are both public records of which the Court may take judicial notice. Mot. at 2 n.1. Plaintiff concedes by silence that before the Operative Date she (1) did get married to another man in July 2013; (2) purchased her own condominium in Florida in June of 2013; and (3) resided with her husband not in Defendant's Gramercy apartment. *Lipton v. Cnty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004); *Anti–Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n.11 (S.D.N.Y. 1997), aff'd, 130 F.3d 1101 (2d Cir. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue.").

[4] Plaintiff suggests that her marriage might not have stopped a continued relationship with Dr. Jarecki and that there is no definitive proof she "could not have" engaged in an extramarital affair. Opp. at 11 n.4. Plaintiff certainly "could have" had an extramarital affair, but to state a timely claim, she would need to allege that a commercial sex act occurred at a time when she was married and living independently with her husband. There is no such allegation.

3

B.     **Plaintiff has Failed to Allege an Actionable Sex Act.**

Plaintiff repeatedly relies on Compl. ¶72 in a failed attempt to save her untimely claim and argues that this paragraph "alleges actionable abuse occurring at least through December 2014." Opp. at 6.[5] But this allegation appears nowhere in the Complaint.

To the contrary, Compl. ¶72 states: "…the last contact of any kind between Jarecki and Jane Doe 11 was December 2014." The plain words of this allegation do not say anything about the "last contact" between Defendant and Plaintiff, let alone a "last incident" of abuse. Opp. at 11. Plaintiff "cannot urge inferences that are inconsistent with [her] own pleadings" and rely upon a non-descript "last contact" that would have occurred soon after she was married and living with her husband. *Croft v. AXA Equitable Life Ins. Co.*, 2018 WL 4007646, at *3 n.2 (S.D.N.Y. Aug. 22, 2018) (citing *Lehman Bros. Commercial Corp. v. Minmetals Int'l Non-Ferrous Metals Trading Co.*, 1995 WL 380119, at *3 (S.D.N.Y. June 26, 1995)). The ambiguous and noncommittal statement in Compl. ¶72 is *not* equivalent to a timely allegation of abuse "throughout 2013 and into at least December 2014," as Plaintiff argues. Opp. at 10.

*Indeed, Plaintiff concedes that Compl. ¶72 is entirely inaccurate.* Opp. at 5 n.1 ("Since the Complaint's filing, Plaintiff has reviewed additional documentation that confirms she continued to interact with Jarecki through 2020 and was abused by Jarecki at least until 2017."). Counsel, having been provided by Defendant with dispositive proof that Compl. ¶72 is false, now blandly states Plaintiff is willing "to stipulate that 2014 was not the last year that the Parties interacted with one another." *Id*. In so doing, Plaintiff disavows the key allegation that she repeatedly relies upon– that "the last contact of any kind" was in 2014. Compl. ¶72. This is not a harmless error that "does not affect the legal arguments Jarecki makes in his Motion (concerning timeliness)," as

---

[5] Compl. ¶72 is cited 11 times in Plaintiff's Opposition as a stand-in for timely allegations against the Defendant, and is insufficient to establish a claim under the TVPA.

Plaintiff suggests. Opp. at 5 n.1. Rather, it entirely undermines Compl. ¶72, which is the crux of Plaintiff's desperate attempt to manufacture timely misconduct. *See Croft*, 2018 WL 4007646, at *3 n.2; *Cornue v. Welch-Allyn Inc.*, 2011 WL 5245414, at *3 (N.D.N.Y. Nov. 2, 2011) (dismissal warranted where opposition admits a deficient complaint). The admitted inaccuracies undermine Plaintiff's entire claim against Dr. Jarecki.

Although Plaintiff concedes the presence of blatantly erroneous information in Compl. ¶72, she is clear that she does not seek to amend her allegation. Opp. at 5 n.1 ("Plaintiff does not seek to amend her Complaint …"). She further disavows any ability to clarify what she is claiming: "[t]he allegations in the Complaint reflect Plaintiff's current knowledge of Jarecki's conduct based on available information." Opp. at 10 n.2. Put differently, Plaintiff does not know enough to allege a viable claim without fear of yet another documented contradiction. This is insufficient: contradictory assertions made in an opposition brief cannot cure an insufficient pleading. *Jacobson v. Peat, Marwick, Mitchell & Co.,* 445 F. Supp. 518, 526 (S.D.N.Y. 1977); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998) (the sufficiency of plaintiff's allegations must be evaluated on the four corners of the complaint).[6]

### C. Equitable Tolling Does Not Apply.

Plaintiff's argument that equitable tolling applies to save her claims is meritless. Equitable tolling applies only where a party: (1) has diligently pursued her rights, *and* (2) "some extraordinary circumstance stood in [her] way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016) (emphasis added).

Here, Plaintiff "provides no factual allegations that reflect that [she] pursued [her] rights diligently and was frustrated by extraordinary circumstances." *Levin v. Sarah Lawrence Coll.*,

---

[6] *Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y.), *aff'd*, 157 F. App'x 398 (2d Cir. 2005) (It is long-standing precedent that parties cannot amend their pleadings through issues raised solely in their briefs.).

2024 WL 4026966, at *17 (S.D.N.Y. Sept. 3, 2024); *see also Lomako v. N.Y. Inst. of Tech.*, 440 F. App'x 1, 3 (2d Cir. 2011) (equitable tolling not available where complaint contained only "vague and conclusory" allegations of pursuit and frustration of rights). The equitable tolling doctrine does not save her untimely claims.

### 1. Plaintiff Has Not Alleged Diligent Pursuit of Rights.

The diligence prong of equitable tolling addresses "those affairs within the [plaintiff's] control" in pursuing a timely claim. *Menominee Indian Tribe*, 577 U.S. at 257. Accordingly, courts have credited a plaintiff's "'efforts at the earliest possible time to secure counsel,'" "'lack of education or funds to consult a lawyer,'" and "'direct access to other forms of legal assistance.'" *Zhongwei Zhou v. Wu*, 2017 WL 1233994, at *3 (S.D.N.Y. Mar. 31, 2017).

Here, the Complaint contains *no* similar allegations concerning any unsuccessful effort by Plaintiff to assert her claims. Rather, the Complaint alleges that, *while she was with Dr. Jarecki*, she had retained counsel to assist her in the immigration process. Compl. ¶¶64, 66. Presumably any remaining immigration hurdles were cleared when she married her boyfriend in July 2013. In truth, the issue was resolved in 2012. Her counsel has also publicly said that before bringing this suit she had already obtained a settlement from a different wealthy individual concerning unrelated alleged abuse, demonstrating that she had access to counsel well in advance of pursuing the current claims.[7] Plaintiff completely fails to allege diligent pursuit of her allegations against Dr. Jarecki.

### 2. Plaintiff's Vague, Generalized Alleged Fears of Retaliation Are Not Extraordinary Circumstances Justifying Equitable Tolling.

"The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*,

---

[7] Dan Mangan, *Psychiatrist Henry Jarecki says he had 'consensual' relationship...*, NBC NEW YORK, June 5, 2024, available at: https://www.nbcnewyork.com/news/business/money-report/psychiatrist-henry-jarecki-says-he-had-consensual-relationship-with-jeffrey-epstein-victim/5480429/?os=httpliner.icu&ref=app

648 F.3d 132, 137 (2d Cir. 2011). "To secure equitable tolling, it is not enough for a party to show that [she] experienced extraordinary circumstances. [She] must further demonstrate that those circumstances caused [her] to miss the original filing deadline." *Id; see also Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (requiring a "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [the] filing").

Where a plaintiff's own mental state, such as fear of retribution, is the extraordinary circumstance alleged, "a particularized description [is required] of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000); *accord Dos Santos v. Assurant, Inc.*, 625 F. Supp. 3d 121, 134 (S.D.N.Y. 2022); *see also Guinyard v. Apfel*, 2000 WL 297165, at *4 (S.D.N.Y. Mar. 22, 2000) (requiring "causal connection between [plaintiff's] mental state and the lateness of her complaint"). "New York law strongly disfavors equitable tolling based on fear of retaliation, except where duress is an element of the cause of action." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 173 (S.D.N.Y. 2019); *Netzer v. Continuity Graphic Assocs., Inc.*, 963 F. Supp. 1308, 1318 (S.D.N.Y. 1997) (equitable tolling unavailable where plaintiff was told "'negative things' would happen if he pursued his claims.").

Plaintiff fails to allege any extraordinary circumstances that prevented timely filing of this action. The Opposition, unsupported even by any allegations in the Complaint, argues Dr. Jarecki's "coercive conduct—including leveraging Plaintiff's immigration status, financial vulnerabilities, and repeated threats of harm" made her fearful of retaliation. Opp. at 12. It also argues that "Jarecki's continued threats, coercion, and control over Plaintiff … coupled with Plaintiff's fear of retribution from both Jarecki and the broader network of [supposedly associated] individuals … prevented her from coming forward earlier." *Id*. Yet, the Opposition's citations are to conclusory,

7

vague, and meritless allegations that Dr. Jarecki "obtain[ed] young females … to abuse," Compl. ¶22, that Plaintiff was "afraid of … Dr. Jarecki," *id.* ¶¶37-41, that at some point Dr. Jarecki "started controlling more of [Plaintiff's] life, telling her that in order for him to keep her safe, she needed to move into his extra apartment," *id.* ¶45, and that Dr. Jarecki would threaten her immigration status or tell her she would be sent away, *id.* ¶¶44-65.  Even accepting these false allegations, they have no bearing on Plaintiff's delay in bringing this case until *June 2024, over a decade after the relationship ended, and after she had married, resolved any immigration issues, purchased real estate elsewhere, and resided elsewhere with her new husband.*

Plaintiff's cited authority—one lone case—is inapposite.  In *Levin*, three plaintiffs brought claims under the TVPA and attempted to invoke equitable tolling on the grounds that the defendant had, *inter alia*, "tortured, manipulated, and brainwashed the plaintiffs so horrifically that they were unable to escape let alone seek help or pursue redress."  2024 WL 4026966, at *17.  The *Levin* court *did not, as Plaintiff asserts*, "acknowledge[] that equitable tolling was appropriate" in these circumstances.  Opp. at 13.  Rather, it held that "even if Plaintiffs are correct that their claims may be tolled … [two of the plaintiffs'] TVPA claims would still be time-barred," and the remaining plaintiff's assertions of being controlled, manipulated, and brainwashed failed to justify equitable tolling, because those assertions "fail[ed] to describe [the plaintiff's] impairment with particularity and also fail[ed] to demonstrate a causal connection between how she felt and her ability to pursue her rights."  *Id.* at *17, *19; *see also id.* n.17 (noting that equitable tolling was unavailable to two plaintiffs because the complaint contained no supporting allegations).

So too here, the Complaint fails to provide a particularized description as to how Plaintiff's claimed fear caused the untimely commencement of this action.  *See Boos*, 201 F.3d at 185; *Guinyard*, 2000 WL 297165 at *4.  The allegations instead highlight the numerous weaknesses

8

and inconsistencies across the Opposition and Complaint. Plaintiff's allegation that "last contact *of any kind*" with Dr. Jarecki occurred in December 2014 and her concession that this is the extent of "Plaintiff's current knowledge of Jarecki's conduct," Opp. at 10 n.2, wholly contradicts the Opposition's vague implication that Plaintiff could not file the Complaint within the following decade. *Compare* Compl. ¶72 *with* Opp. at 12.

Plaintiff says that the "intervening years" before the "last contact of any kind" in December 2014 "were marked by Jarecki's continued threats, coercion, and control over Plaintiff," but even accepting this falsehood, it would be too early to matter for tolling. Opp. at 12. Plaintiff cannot suggest any threat after the alleged "last contact" in 2014 because it is "well established ... that a 'party cannot urge inferences that are inconsistent with its own pleadings,'" and thus this Court should reject any argument that there have been any threats over the last decade. *See Croft*, 2018 WL 4007646, at *3 n.2.

## II. The State Law Claims Should Be Dismissed.

Plaintiff does not dispute that if her TVPA claim is dismissed, the remaining New York state law claims should be litigated (if at all) in state court, a concession to Second Circuit precedent. *See Castellano v. Bd. Of Trustees,* 937 F.2d 752, 758 (2d Cir. 1991) (favoring dismissal of state law claims when federal claims are dismissed before trial). Nor does she contest that proceeding in state court will promote judicial economy, comity and fairness. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); Mot. at 13. The defenses to those claims are substantial but should be litigated in state court. As such, Plaintiff's remaining state law claims should be dismissed without prejudice.

**III.     In the Alternative, Plaintiff Must Provide a More Definite Statement.**

Plaintiff "does not seek to amend her complaint," because "[t]he allegations in the Complaint reflect Plaintiff's current knowledge of Jarecki's conduct based on available information," Opp. at 5 n.1., 10 n.2.   Thus, the Court should dismiss without leave to amend. However, in the event the Court were to decline to dismiss the Complaint, Plaintiff should be ordered to amend her pleading to identify the specific dates of alleged misconduct, in accordance with FRCP 12(e).  As the *Buchholtz* court recognized, sufficiently specific dates are key to meeting the standard under FRCP 8(a), particularly where a statute of limitations defense is raised. *Buchholtz v. Renard*, 188 F. Supp. 888 (S.D.N.Y 1960).  Plaintiff's own submission makes clear that the pleadings give insufficient notice which will certainly prejudice Dr. Jarecki, who has a genuine interest in disproving the meritless assertions being advanced.  *See Brown v. City of New York*, 2024 WL 4452306, at *5 (S.D.N.Y. Sept. 20, 2024) *report and recommendation adopted*, 2024 WL 4452247 (S.D.N.Y. Oct. 9, 2024).  "[Where] the complaint is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it[,]" a motion pursuant to FRCP 12 should be granted.  *See Vapac Music Pub., Inc. v. Tuff 'N' Rumble Mgmt.*, 2000 WL 1006257, at *6 (S.D.N.Y. July 19, 2000).

The Court should dismiss or, in the alternative, utilize its broad discretion to order a more definite statement because the Complaint fails to meet the pleading standard, *see Rodriguez v. Chex Sys., Inc.,* 730 F. Supp. 3d 36, 39 (W.D.N.Y. 2024), and because the Complaint "fail[s] to specify the allegations in a manner than provides sufficient notice."  *Brown*, 2024 WL 4452306, at *5; FRCP 8(a), 12(e).

## **CONCLUSION**

Based on the foregoing, Plaintiff's TVPA claim should be dismissed with prejudice, and this Court should decline to exercise supplemental jurisdiction over the state claims and dismiss those claims without prejudice. In the alternative, the Court should order that Plaintiff provide Defendant with a more definite statement of her alleged claims.

Dated: New York, New York
       January 10, 2025

**DECHERT LLP**

By:   */s/ Gary J. Mennitt*
       Andrew J. Levander
       Gary J. Mennitt
       Nicolle L. Jacoby
       Three Bryant Park
       1095 Avenue of the Americas
       New York, NY 10036
       andrew.levander@dechert.com
       gary.mennitt@dechert.com
       nicolle.jacoby@dechert.com
       Telephone: (212) 698-3500
       Facsimile: (212) 698-3599

*Attorneys for Defendant Henry Jarecki*

**CERTIFICATE OF COMPLIANCE**

I, Gary J. Mennitt, counsel for Defendant Henry Jarecki, herby certify that the above Reply Memorandum of Law in Support of Defendant's Motion to Dismiss or, in the alternative, for a More Definite Statement complies with the formatting rules proscribed in Local Rule 7.1 and Honorable Judge Cronan's Individual Rule 2(B), and contains 3,430 words, excluding those which are specifically excepted according to Individual Rule 2(B).

Dated: January 10, 2025
     New York, NY

*/s/ Gary J. Mennitt*
Gary J. Mennitt